PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KING, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | CASE NO. 4:25-CV-01822 |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| URSULINE HIGH SCHOOL, *et al.*, | ) ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 7] |

The Court considers Plaintiffs' unopposed Motion for Leave to Proceed Under Pseudonym. ECF Nos. 7 and 12. The Motion is granted in part for the reasons herein.

## I. BACKGROUND

### A. Introduction

Plaintiffs seek anonymity to protect the identities of an adult parent and her two minor children, one of whom alleges sexual abuse by fellow high school students during a multi-state football trip. The test for permitting parties to proceed pseudonymously determines whether there is a substantial privacy right that outweighs the customary and constitutional presumption of openness in judicial proceedings. *See* C.J.S., Federal Civil Procedure §§ 52, 174 (2025). Although the Federal Rules of Civil Procedure already mandate that minors be identified only by their initials, that protection alone does not prevent disclosure of other identifying information through parental names or public notoriety. *See* Fed R. Civ. P. 5.2(a)(3). Given the highly personal and stigmatizing nature of minor sexual assault and the risk that public identification

(4:25-CV-01822)

could subject minor Plaintiffs to emotional harm or retaliation, proceeding under pseudonym is appropriate.

### B. Factual and Procedural History

Plaintiffs Son King and Daughter King were students at Ursuline High School, a private, co-educational Catholic school in Youngstown, Ohio. ECF No. 1 at Page ID #: 6. Plaintiff Mother King sued Defendants on her children's behalf alleging violations of Title IX and myriad state laws (including child pornography, tampering with evidence, tampering with records, obstructing justice, culpable negligence, child neglect, failure to report abuse, negligent and reckless hiring, training, supervision, and retention, dissemination of intimate images, assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and spoliation). ECF No. 1 at PageID ##: 4, 120; *see* 20 U.S.C. § 1681 *et seq*; Ohio Rev. Code §§ 2901.31, 2921.12(A)(1)–(2), 2913.42(A)(1)–(1)(2), 2921.32(A)(4)–(5); Ala. Code §§ 16-1-23(c), 26-14-3; Fla. Stat. §§ 1006.135, 39.205, 784.05; Tenn. Code § 49-2-120.

Defendants include: (1) Ursuline High School; (2) the Catholic Diocese of Youngstown, which oversees Ursuline and other diocesan entities; (3) Father Richard Murphy, Ursuline's president; (4) Matthew Sammartino, Ursuline's principal; (5) Margaret Damore, Ursuline's assistant principal; (6) Daniel Reardon, Ursuline's head football coach; (7) Timothy McGlynn, Ursuline's assistant football coach; (8) Christian Syrianoudis, Ursuline's assistant football coach; (9) several current and former Ursuline football players (including minor Players 1, 4, 5, 8, 9, 11, 12, 13, 20, 21, and 25); and (10) the parents of the minor Defendants, some of whom are unknown pending discovery. ECF No. 1 at PageID #: 5–10. Plaintiffs now move unopposed to proceed under pseudonyms (including for minor Defendants) to protect their identities. ECF Nos. 7 and 12.

(4:25-CV-01822)

## II.  ISSUE

*Whether minor Plaintiffs may proceed under pseudonym in a civil suit alleging, inter alia, hazing, physical abuse, and sexual abuse.*

## III.  DISCUSSION

***A.  Although the federal rules require that all parties be publicly identified, district courts may permit pseudonyms when a significant privacy interest outweighs the public right of access.***

Open access to federal judicial proceedings is longstanding in the United States.  *See Unmasked: Pseudonym Plaintiffs in the Legal Industry in the Era Of #MeToo*, 51 Seton Hall L. Rev. 461 (2020).  Citizens have the right to know who uses their courts, and defendants have the right to know their accusers.  *See* Am. Jur. 2d, Federal Civil Procedure § 52.  Consequently, complaints in federal court must provide the names of all implicated parties.[1]  *See* Fed. R. Civ. P. 10(a).  No less important, however, is the right of personal privacy and the anonymity oftentimes necessary to safeguard it.  *See* Brandeis and Warren, *The Right to Privacy*, 4 Harv. L. Rev. 193 (December 1890).  District courts thus have discretion to grant protective orders permitting anonymized pleadings in certain circumstances.  *See Samad v. Jenkins*, 845 F.2d 660, 663 (6th Cir. 1988).  Identification by pseudonym is an unusual procedure, allowed only when a court finds an important privacy interest that outweighs both the public interest in free disclosure and potential prejudice to the opposing party.  *See* 73 A.L.R. Fed. 3d Art. 4 (2022).

A party seeking to protect their identity carries the burden of justifying non-disclosure.  *See Doe v. The U. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *2 (N.D. Ohio Feb. 3, 2016).  As noted, the key inquiry is whether the moving party's interest in privacy outweighs the presumption of open proceedings.  *See D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016); *Doe v.*

---

[1] A general guardian may sue or defend on behalf of a minor.  *See* Fed. R. Civ. P. 17(c)(1).

3

(4:25-CV-01822)

Porter, 370 F.3d 558, 560 (6th Cir. 2004). In the Sixth Circuit, several factors determine whether a privacy interest substantially outweighs the "presumption of open judicial proceedings," including:

> (1) Whether the plaintiff seeking anonymity is suing to challenge governmental activity.
>
> (2) Whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy."
>
> (3) Whether the litigation compels the plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution.
>
> (4) Whether the plaintiff is a child.
>
> (5) Whether permitting the plaintiff to proceed under pseudonym would hinder the defendant's preparation for trial.

See id. (quoting Doe v. Stegall, 653 F.2d 180, 185–86 (5th Cir. 1981) (citation modified).

Potential embarrassment, social stigmatization, and economic harm are generally insufficient to grant a motion to proceed under pseudonym. See Doe v. Townes, No. 19–CV–8034, 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020). Children, however, are granted heightened protection in lawsuits brought on their behalf. See Porter, 370 F.3d at 561. Federal courts have permitted pseudonymous filing in cases involving minor abortion, birth control, transsexuality, mental illness, illegitimacy, disease, and homosexuality. See Koe v. U. Hosp's. Health Sys., Inc., No. 22-3952, 2024 WL 1048184, at *2 (6th Cir. Mar. 8, 2024) (citing Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011)). They have also granted anonymity for plaintiffs who are victims of alleged sexual abuse, given the "utmost intimacy" inherent in those disputes. Doe v. St. Edward High Sch., No. 22-CV-440, 2022 WL 2717018, at *3 (N.D. Ohio July 13, 2022); e.g., Doe v. Cabrera, 307 F.R.D. 1, 5 (D.D.C. 2014) (collecting cases wherein sexual assault victims were allowed to proceed anonymously); Doe v. Neverson, 820 F. App'x 984, 987-88 (11th Cir. 2020) (concluding that the district court abused its discretion in denying a sexual

4

(4:25-CV-01822)

assault victim's request to proceed under pseudonym where there was evidence of social stigma should her identity become public); *Doe v. Athens Cty.*, 22-cv-855, 2022 WL 787868, at *1 (S.D. Ohio Mar. 15, 2022) ("Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness.") When considering requests to proceed anonymously, federal courts thus routinely consider the victim's age at the time of the sexual assault; the psychological and social ramifications of bringing a suit under their true name; and possible unfairness to the defendants. *See, e.g.*, *Neverson*, 820 F. App'x at 986-88.

### B. Because of the nature of the allegations, Plaintiffs' ages, and the risk of harassment or retaliation, anonymity is warranted.

The balance of the factors tilts in Plaintiffs' favor.  Although they challenge private, non-governmental activity and are not compelled to disclose any intention to violate the law, a child's right to public anonymity to mitigate social stigma and retaliation in a sexual assault case clears the high bar to warrant deviation from the standard rules.  Plaintiffs' allegations include hazing, physical abuse, and sexual abuse suffered by a minor at the hands of minors on an out-of-state trip with their high school football team.  ECF No. 7 at PageID #: 217.  Accordingly, litigating this matter will implicate intimate information and the private conduct of children.  Plaintiffs also contend that this case has "drawn substantial community attention and speculation[,] including social-media attacks from Defendants' supporters" and that "one Defendant is alleged to have repeatedly sought out Plaintiffs to intimidate them."  ECF No. 7 at Page ID # 218.  Without accepting these allegations as true, it is at least plausible that Plaintiffs could face harassment or ostracization if required to proceed under their full names.  Granting leave to proceed under pseudonym will therefore protect their privacy interests without needlessly obstructing the public right to open proceedings.

5

(4:25-CV-01822)

Furthermore, permitting Plaintiffs to proceed under pseudonym will not obstruct Defendants' ability to defend themselves. Although the immediate community apparently already knows about these allegations (and, by implication, Plaintiffs' identities), they can still proceed under pseudonym to mitigate any further trauma of having their names and the intimate details of alleged sexual assault committed to open record. *See St. Edward High Sch.*, 2022 WL 2717018, at *4; *K.S. v. Detroit Pub. Schs.*, 14-12214, 2015 WL 13358204 (E.D. Mich. July 22, 2015) (allowing a student to proceed anonymously even after his mother discussed his sexual assault with a local news station). Defendants admit their ability to litigate will not be hampered by allowing anonymity, as "many of the allegations in this matter involve children, whose identities should be protected to the extent it is reasonable to do so." ECF No. 12 at PageID #: 229. Accordingly, the balance of the factors allows the Court to permit pseudonymous filing in this matter.

Yet while Defendants do not oppose Plaintiffs' motion, they do not independently move for identity protection for their own minors. The "utmost intimacy" protection sought by Plaintiffs does not automatically extend to Defendants, as parties seeking to protect their identity bear the burden of justifying their own anonymity. Because these allegations are public and widely reported, there is narrower justification for the anonymity of the accused. It is also unclear which Defendants, if any, were (a) minors at the time these allegations took place or (b) remain minors today. Accordingly, Plaintiff's request to use pseudonyms for minor Defendants is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Proceed Under Pseudonym is granted in part. ECF No. 7. The Clerk of Court shall adjust all captions in this case according to

6

(4:25-CV-01822)

the instructions herein.  Plaintiffs shall proceed pseudonymously and disclose their identities to the Court and all Defendants under seal no later than October 20, 2025.  Rather than proceeding under a chosen pseudonym, Plaintiffs shall proceed under *Jane Doe*, *Son Doe*, and *Daughter Doe* (*i.e.*, *Doe, et al.*) in all future filings.  The Parties shall not disclose Plaintiffs' identities without leave of Court.  Plaintiffs shall also provide the Court and all Defendants with a pseudonym key no later than October 20, 2025 to facilitate commonality and ease of reference.  The Parties shall confer and jointly file a stipulated protective order no later than October 24, 2025 addressing any potential identity disclosures in this action.  Finally, Plaintiffs shall amend their complaint to include the names of all known Defendants (limiting any minor Defendants' names to their initials) no later than October 20, 2025.  *See* Fed R. Civ. P. 5.2(a)(3), 10(a), 15(a)(2), and 17(c).  Defendants shall respond to the amended pleading within the time remaining to respond to the original complaint, or within fourteen days after service of the amendment—whichever is later.  *See* Fed. R. Civ. P. 15(a)(3).

    IT IS SO ORDERED.

| October 17, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |