PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOE, *et al.*, | ) | |
|     Plaintiffs, | ) | CASE NO.  4:25-CV-01822 |
| | ) | |
|       v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| URSULINE HIGH SCHOOL, *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
|     Defendants. | ) | [Resolving ECF No. 16, ECF No. 20, ECF |
| | ) | No. 30, and ECF No. 33] |

The Court considers the following motions.  First, Plaintiffs' Motion to Permit Pre-Rule 26(f) Conference Discovery (ECF No. 16).  Second, Plaintiffs' Motion for an Extension to File an Amended Complaint (ECF No. 20).  Third, the Parties' Joint Motion for Extension to Comply with Court Order (ECF No. 30).  Finally, Diocese Defendants' Motion to Enlarge the Time to Respond to an Operative Complaint (ECF No. 33).  Each motion is granted for the reasons herein.

### I.  BACKGROUND

Plaintiffs Son Doe and Daughter Doe were students at Defendant Ursuline High School, a co-educational private, Catholic school in Youngstown, Ohio.  ECF No. 1 at Page ID #: 6. Plaintiff Mother Doe sued on their behalf alleging violations of Title IX and myriad state laws (including child pornography, tampering with evidence, tampering with records, obstructing justice, culpable negligence, child neglect, failure to report abuse, negligent and reckless hiring, training, supervision, and retention, dissemination of intimate images, assault, battery, intentional

(4:25-CV-01822)

infliction of emotional distress, negligent infliction of emotional distress, and spoliation) stemming from a multi-state school football trip.  ECF No. 1 at PageID ##: 4, 120; *see* 20 U.S.C. § 1681 *et seq*; Ohio Rev. Code §§ 2901.31, 2921.12(A)(1)–(2), 2913.42(A)(1)–(1)(2), 2921.32(A)(4)–(5); Ala. Code §§ 16-1-23(c), 26-14-3; Fla. Stat. §§ 1006.135, 39.205, 784.05; Tenn. Code § 49-2-120.

## II.  DISCUSSION

### A.  Plaintiffs' motion for limited pre-Rule 26(f) discovery is appropriate to identify unknown parties and preserve critical evidence.

Under the Federal Rules of Civil Procedure, litigants "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  The Court may grant early discovery for good cause shown.  *See, e.g. Voltage Pictures, LLC v. Does 1-43*, No. 1:13-CV-465, 2013 WL 1874862, at *5 (N.D. Ohio May 3, 2013).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Best v. Mobile Streams, Inc.*, No. 1:12-CV-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012) (citing *Arista Records, LLC v. Does 1–15,* No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007)).  Under the Family Educational Rights and Privacy Act (FERPA), however, high schools must provide adequate notice before releasing student information (*e.g.*, name, addresses, contact details) and allow parents an opportunity to withhold their consent.  See 20 U.S.C. § 1232g(a)(1)(A).

Plaintiffs move under Fed. R. Civ. P. 26(d) for leave to conduct two limited forms of early discovery.  First—from Defendant Ursuline High School—documents identifying the

2

(4:25-CV-01822)

names, addresses, and contact information of several student Defendants and their parents in order to facilitate service.[1] ECF No. 16 at PageID #: 240. Second—from non-party Snap, Inc.—preservation and recovery of deleted group messages, photos, and videos depicting alleged hazing and abuse. ECF No. 16 at PageID ##: 240–41.

Regarding Defendant Ursuline High School, the discovery of the identities of all Defendants and rendering service thereon is necessary. See Voltage Pictures, 2013 WL 1874862, at *6. Furthermore, FERPA does not prohibit student information disclosure in compliance with a federal court order, as is the case herein. See 20 U.S.C. § 1232g(b); United States v. Miami U., 294 F.3d 797, 812 (6th Cir. 2002). Regarding Snap, Inc., Plaintiffs plausibly contend there is inherent risk in delay given that "someone deleted the football team's group Snapchat the same day Mother Doe reported the matter to Ursuline administrators." ECF No. 16 at PageID #: 237 (cleaned up). The information sought by Plaintiffs may disappear or face deletion without early discovery, given that it is stored on the servers of a non-party under no obligation of preservation. See Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 241–42 (S.D.N.Y. 2012). Thus, the Court determines that pre-Rule 26(f) conference discovery is appropriate because: (1) Plaintiffs' requests are narrowly tailored; (2) the information sought from Defendant Ursuline High School and Snap, Inc. is necessary to advance the dispute towards resolution; (3) Plaintiffs' needs outweigh any potential prejudice or burden to Defendants;[2] and (4) there is a risk that evidence will be lost absent early discovery.

---

[1] Defendant Ursuline has declined to release this information due to FERPA privacy restrictions. ECF No. 16 at PageID #: 237.
[2] Defendant Ursuline contends that "the only information that Plaintiffs still may need to obtain is limited to . . . [Players 1, 8, 11, 13, 20, 21]" and that denying Plaintiffs' motion "is certainly preferable to requiring Ursuline to provide notice to the parents, give

3

(4:25-CV-01822)

      **B. Extensions of Time**

          **1. Plaintiffs' motion for additional time to file an amended complaint is appropriate, and the first amended complaint does not affect their right to amend under Fed. R. Civ. P. 15(a)(1).**

Under the Federal Rules, the Court may extend a due date for good cause either before expiration (upon request) or after expiration (upon a showing of excusable neglect). *See* Fed. R. Civ. P. 6(b)(1). Litigants may amend their pleadings once as a matter of course within 21 days of service. *See* Fed. R. Civ. P. 15(a)(1). Thereafter, amendment requires either consent of the opposing party or leave of the Court, which is freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiffs move for additional time to file an amended complaint due to newly discovered information requiring verification, extensive identity redaction, and ongoing settlement negotiations. ECF No. 20 at PageID #: 255–58, ¶ B. Defendants do not oppose the motion. ECF No. 21 at PageID ##: 263–64. Plaintiffs reply requests clarification as to whether the Court's previous order (ECF No. 19) affects their right to amend without leave under Fed. R. Civ. P.15(a)(1). ECF No 24 at PageID ##: 474–75.

Given the procedural context and the Court's desire to facilitate the efficient disposition of this dispute, allowing additional time for Plaintiffs to prepare and file an amended complaint is appropriate. The first amended complaint (ECF No. 22) shall be treated as compliant with the

---

the parents an opportunity to object, then have the Court review the records in camera to determine if they are discoverable and in compliance." (ECF No. 27 at PageID #: 485, 488). The Court declines to micromanage litigation tactics, as the parties can resolve their FERPA-compliant disclosures among themselves as the cutoff for service approaches. This Order proscribes the minimally acceptable outer bounds and does not preclude the parties from resolving this procedural dispute more efficiently counsel-to-counsel.

(4:25-CV-01822)

Court's Order regarding the use of pseudonyms (ECF No. 19) and does not forfeit Plaintiffs' right to freely amend within 21 days under Fed. R. Civ. P. 15(a)(1).

### 2. Additional time is appropriate for the parties to confer and prepare a stipulated protective order considering uncompleted service, outstanding waivers, and undetermined counsel.

The parties jointly moved for an extension of time to prepare and submit their stipulated protective order as directed by the Court. ECF No. 30.  Give the Court's earlier Order regarding the use of pseudonyms (ECF No. 19), allowing additional time for a comprehensive protective order is appropriate to allow the Parties to address uncompleted service, waivers, and undetermined legal representation. ECF No. 30 at PageID #: 503–4.

### 3. Defendants' motion to enlarge time to respond is well taken.

Diocese Defendants motion to enlarge their time to respond to the anticipated amended complaint (ECF No. 33) is granted.

### III.  CONCLUSION

Plaintiffs' Motion to Permit Pre-Rule 26(f) Conference Discovery (ECF No. 16) is granted.  Defendants shall provide Plaintiffs with the names, addresses, and contract information of Defendant Players 1, 4, 8, 9, 11, 29, and 21 and their parents or guardians no later than November 10, 2025.  Defendant Ursuline High School shall notify Defendant Students and their parents before such disclosure in compliance with FERPA. *See* 20 U.S.C. § 1232g(b)(2)(B).  Plaintiffs' Motion for Extension to File Amended Complaint (ECF No. 20) is also granted.  They shall file their amended complaint no later than November 10, 2025.  The Joint Motion for Extension to Comply with Court Order (ECF No. 30) is granted.  The Parties shall confer and jointly file a stipulated protective order no later than November 7, 2025.  Finally, Diocese Defendants' Motion to Enlarge the Time to Respond to an Operative Complaint (ECF No. 33) is

(4:25-CV-01822)

granted.  Not later than December 1, 2025, Diocese Defendants shall respond to the anticipated amended complaint.

      IT IS SO ORDERED.

| | |
|---|---|
| October 30, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |