IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, *et al.*, | ) | Case No. 4:25-cv-01822-BYP |
| | ) | |
| Plaintiffs, | ) | Judge Benita Y. Pearson |
| | ) | |
| v. | ) | Magistrate Judge Carmen E. Henderson |
| | ) | |
| URSULINE HIGH SCHOOL, *et al.*, | ) | **DEFENDANTS DANIEL REARDON,** |
| | ) | **TIMOTHY MCGLYNN, AND** |
| Defendants. | ) | **CHRISTIAN SYRIANOUDIS'** |
| | ) | **MOTION TO STRIKE PURSUANT** |
| | ) | **TO FED. R. CIV. P. 12(f)** |

Defendants Daniel Reardon, Timothy McGlynn, and Christian Syrianoudis (hereinafter, the "Coaches") move pursuant to Fed. R. Civ. P. 12(f) to strike paragraphs of Plaintiffs' Second Amended Complaint that are immaterial, impertinent, and scandalous and "designed to improperly illicit sympathy, to curry favor, or to cast aspersions" on defendants, and, in particular, the Coaches.[1]

**I.  INTRODUCTION**

On November 10, 2025, Plaintiffs filed a Second Amended Complaint (ECF No. 45) alleging forty-two claims for relief, nineteen of which are against the Coaches. Plaintiffs' claims against the Coaches stem from allegations of hazing that allegedly occurred among the student-athletes during the Ursuline football team's 2024 and 2025 road trips. Each of the Plaintiffs' claims against the Coaches requires a showing that the Coaches had knowledge of – or at least should have known about – what the players were doing outside the presence of the Coaches. Plaintiffs

---

[1] This Motion to Strike pursuant to Fed. R. Civ. P. 12(f) is filed contemporaneously with the Coaches' Answer to Plaintiffs' Second Amended Complaint in accordance with the Court's Case Management Conference Scheduling Order (ECF No. 44, at PageID: 558). Certification that counsel reached out to Plaintiffs' counsel and requested that Plaintiffs file an amended complaint with the immaterial, impertinent, and scandalous paragraphs removed is below.

also assert claims against Defendants Ursuline High School, Catholic Diocese of Youngstown, Matthew Sammartino, Margaret Damore, and John DeSantis for negligent hiring of the Coaches and for actions taken after the team returned from its June 2025 road trip.

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Plaintiffs' Second Amended Complaint goes far beyond the requirements of Fed. R. Civ. P. 8(a). The 290-page complaint is replete with irrelevant, derogatory, and defaming information, which is essentially an attempt to use the complaint to publicly harass and defame the defendants, gather sympathy of a potential jury pool, and inflame public opinion. Plaintiffs' Second Amended Complaint includes biblical phrases, parenthetical opinions and comments, and other immaterial, impertinent, and scandalous paragraphs.

Although many paragraphs in the Second Amended Complaint contain material for purposes other than putting defendants on notice of the claims against them, such as public disclosure, harassment, and grandstanding, the Coaches have identified the most egregious examples of Plaintiffs' improper material. The identified paragraphs bear no possible relation to the controversy. And even if an argument exists an identified paragraph is relevant, its relevance is outweighed by the substantial prejudice caused to the Coaches and other defendants by the scandalous and needless details set forth.

The Coaches' motion to strike is not an attempt to down-play the alleged incidents involving Plaintiff Doe and Plaintiff Roe. Indeed, assuming the veracity of the allegations,[2] the players' conduct was reprehensible. But the Second Amended Complaint, as currently pled,

---

[2] *See Keefer v. Wiles, Boyle, Burkholder & Bringardner, Co., LPA,* No. 2:07-CV-1205, 2008 WL 4404295, at *1 (S.D. Ohio Sept. 23, 2008) ("A motion to strike is in the nature of a motion to dismiss, and all well-pleaded allegations [. . .] sought to be stricken must be accepted as true.") (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 821 (6th Cir. 1953)).

detracts from the seriousness of those allegations. As such, the Coaches seek to narrow the allegations of the Second Amended Complaint to include only those which are properly plead by striking the paragraphs that contain immaterial, impertinent, or scandalous statements and are designed to improperly illicit sympathy, to curry favor, or to cast aspersions on the defendants.

The Coaches thus move to strike the following paragraphs of the Second Amended Complaint as immaterial, impertinent, and/or scandalous: 13, 51–53, 55–7, 72, 85–88, 90–123, 136–9, 141–50, 157, 169–87, 398, 412–3, 415, 417–8, 453–4, 502, 519, 520 (second sentence), 521–7, 533–7, 552, 594–5, 750, 752 (sentences 2–4), 768–96, 823–49, 851–4, 884, 946, 953, 955–7, and 959–67.

## II. LAW

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may, on its own or upon motion of a party prior to a filing its response, strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." *See Akron Bd. of Educ. v. Wallace*, No. 5:16CV188, 2018 WL 4510087, at *1 (N.D. Ohio Sept. 19, 2018). "An immaterial matter is that which has no bearing on the subject matter of the litigation." *McKinney v. Bayer Corp.*, No. 10-CV-224, 2010 WL 2756915, at *1 (N.D. Ohio July 12, 2010) (internal quotation marks and citations omitted)). "Impertinent allegations include statements that are not necessary to the issues presented." *Id.* (citation omitted). "The word 'scandalous,' as used in Rule 12(f), refers to 'any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Id.* (quoting *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D. D.C. 2003) (internal citation omitted); *see also In re 2TheMart.com, Inc. Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000) ("'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person.").

"As a general rule, courts should not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *McKinney*, 2010 WL 2756915, at *2 (citations and internal quotation marks omitted). "The fact that [the] allegations may cast the [defendant] in a 'derogatory light' is insufficient to warrant the striking of allegations from the complaint." *Weng v. Solis*, 842 F. Supp. 2d 147, 160 (D. D.C. 2012). Courts have found, however, that "[e]ven where matter in a pleading is relevant to the controversy, it nonetheless may be stricken if it is scandalous or set out in 'needless detail.'" *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 16 (D. Conn. 2013) (citations omitted). In *Pigford*, the District Court of D.C. found allegations of racism as "plainly scandalous," "indefensible[,] and wholly inappropriate." *Pigford*, 215 F.R.D. at 4–5. In *Llewellyn-Jones v. Metro Property Group*, the Eastern District of Michigan struck four paragraphs from the plaintiff's complaint relating to allegations that defendants laundered money to an individual because they "offered nothing to substantiate [these] conclusory allegations, or tried to link them to the fraud scheme alleged." *Llewellyn-Jones*, 22 F.Supp.3d 760, 777 (E.D. Mich. 2014).

The Coaches recognize that motions to strike material solely on the ground that the matter is impertinent and immaterial are generally disfavored. *In re Keithley Instruments, Inc.*, 599 F.Supp.2d 908, 911 (N.D. Ohio 2009). However, "when material is also 'scandalous,' no such presumption applies." *Brown v. Maxwell*, 929 F.3d 41, 52 n.44 (2d Cir. 2019) (*cf. Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."); *Wine Markets Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998) ("Motions to strike are not

4

generally favored, except in relation to scandalous matters."); *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 617–18 (1st Cir. 1988) (categorizing as scandalous "matter which impugned the character of defendants").

Nevertheless, "the court retains 'liberal discretion' to strike filings as it deems appropriate." *In re Keithley Instruments, Inc.*, 599 F.Supp.2d at 911. And key to this discretion is the objective to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G&W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (internal quotations and citations omitted); *U.S.S.E.C. v. Thorn*, No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002) (motion to strike "is proper if it aids in eliminating spurious issues").

### III. ANALYSIS

The paragraphs that the Coaches seek to strike are categorized as follows:

(1) alleged incidents involving Ursuline football players that occurred outside of the trips that form the basis for the SAC (paragraphs 51–3, 55–7, 72, 85-88, 90–123, 768–96);

(2) alleged recruiting violations (paragraphs 136–9, 172–87, 412);

(3) character attacks on Reardon, McGlynn, and Ursuline (paragraphs 141–50, 413, 415, 417–8, 520 (second sentence), 521–7, 533–7, 594, 959);

(4) allegations of theft by Ursuline football players (paragraphs 453–4, 552, 595);

(5) unnecessary and inflammatory commentary (paragraphs 13, 157, 398, 502, 519, 520 (second sentence), 521–7, 533–7, 750, 752 (sentences 2–4), 946, 953, 955–7, 959–67);

(6) social media and media statements by persons other than Defendants (paragraphs 823–49, 851–4, 946, 953, 955–7, 959–60, 963); and

(7) allegations based solely on rumor (paragraph 884, 959).

5

Where possible, the Coaches have summarized the subject matter of the prejudicial paragraphs identified in this motion to strike. However, due to the inflammatory and spurious nature of many of the paragraphs, repeating the assertions – or even summarizing their subject matter – would be counter-intuitive to the Coaches' argument that allowing these paragraphs to remain is prejudicial to them and distracts from this case. *See Peteski Prods., Inc. v. Rothman*, 264 F. Supp. 3d 731, 743 (E.D. Tex. 2017); *Guttenberg v. Emery*, 26 F.Supp.3d 88, 95 (D.D.C. 2014) (explaining "The Streisand Effect," by which litigation seeking to silence a particular criticism merely draws more attention to that criticism).

> A. **Alleged incidents involving Ursuline football players that occurred outside of the trips that form the basis for the SAC (paragraphs 51–53, 55–7, 72, 85–88, 90–123, 768–96)**

Paragraphs 51–53, 55–7, 72, 85–88, 90–123, 768–96 should be stricken as they do not contain any allegations related to an element of a claim. The incidents giving rise to Plaintiffs' claims allegedly took place during Ursuline football team trips in 2024 (Plaintiff Roe) and 2025 (Plaintiff Doe). Defendant Coaches' knowledge as to the events is an essential element of Plaintiffs' claims. However, paragraphs 51–53, 55–7, 72, 85–88, 90–123, 768–96 do not make any fact more or less likely as they are immaterial to Plaintiffs' claims. *See Hinners v. O'Shea*, No. 1:19-CV-2868, 2022 WL 1778409, at *7 (N.D. Ohio June 1, 2022) (striking complaint allegations that were "immaterial" to plaintiffs' claims); *see also Schlosser v. Univ. of Tenn.*, No. 3:12-CV-534, 2014 WL 5325350, at *3 (E.D. Tenn. Oct. 20, 2014) (striking assertions in the complaint, which "neither set[ ] forth an element of a claim made, nor provid[ed] the needed factual predicate for one.") (quoting *McKinney*, 2010 WL 2756915, at *2) (alteration in original). As terrible as these allegations are, they are unrelated to the 2024 and 2025 road trips. Any thin string of relevancy that Plaintiffs attempt to grasp is overshadowed by the clear prejudice these paragraphs

6

have on the Coaches simply by the paragraphs being included in the complaint. As Plaintiffs designed, these paragraphs improperly illicit sympathy, attempt to curry favor on their behalf, and cast aspersions on the defendants.

The Coaches would be prejudiced if these paragraphs remain in the complaint. Because the Coaches deny these allegations for lack of knowledge, these paragraphs remain as questions of fact, which Plaintiffs will be required to prove. And as the paragraphs are unrelated to the underlying claims, the discovery into these allegations, as well as the time to prove each of them at trial, is unnecessary and an inefficient use of resources and judicial time. Even if the incidents occurred, it does not make it less or more likely that the Coaches were aware of what happened during the 2024 or 2025 road trips. These allegations, if true, may have been properly raised against the proper parties in a timely fashion. Instead, the allegations and the evidence that would be required to prove them here, would delay litigation in this matter and stigmatize the Coaches. Accordingly, this Court should strike paragraphs 51–53, 55–7, 72, 85–88, 90–123, 768–96.

B.   **Alleged recruiting violations (paragraphs 136–9, 172–87, 412)**

Paragraphs 136–9, 172–87, 412 should be stricken as they do not contain any allegations related to an element of a claim. The allegations involve assertions of recruiting violations that are not related to any claim in this matter. *See Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997) (striking an allegation as prejudicial when it confused the defendants' individual liability for the alleged misconduct).

The Coaches would be prejudiced if these paragraphs remain in the complaint. Because the Coaches deny these allegations, these paragraphs remain as questions of fact, which Plaintiffs would be required to prove. As the paragraphs are unrelated to the underlying claims, the discovery into these allegations, as well as the time to prove each of them at trial, is unnecessary and an

7

inefficient use of resources. Even taking the allegations as true[3], it does not make it less or more likely that the Coaches were aware of any hazing among the boys during the 2024 or 2025 road trips. Instead, Plaintiffs are hoping to smear the reputations of the Coaches and insinuate a propensity for the Coaches to make poor decisions.

Paragraphs 136–9, 172–87, 412 should be stricken from the Second Amended Complaint.

C. **Character attacks on Reardon, McGlynn, and Ursuline (paragraphs 141–50, 413, 415, 417–8, 520 (second sentence), 521–7, 533–7, 594, 959)**

Paragraphs 141–50, 169–71, 413, 415, 417–8, 520 (second sentence), 521–7, 533–7, 594, 959 should be stricken as they do not contain any allegations related to an element of a claim. Plaintiffs designed these allegations solely to paint Ursuline's school and the personal and professional lives of the Coaches in a negative light. *See Novolex Holdings, LLC v. Wurzburger*, No. 19-145-DLB-CJS, 2022 WL 391307, at *3 (E.D. Ky. Feb. 8, 2022) (striking assertions that clearly cast the defendant's "personal life in a negative light and 'move[d] from the type of negative assertions that arise in any civil complaint into deeper waters of undue and unfair prejudice.'") (quoting *Schlosser*, 2014 WL 5325350, at *4); *Fritz & Bianculli, LLC v. McCabe*, 2025 WL 2608728, at *1 (E.D. Pa. 2025) ("[a]nd it is scandalous when it 'improperly casts a derogatory light on someone, most typically on a party to the action") (internal citations omitted).

Paragraphs 141–50 pertain to an investigation into McGlynn's history as a coach at a different school. The allegations relate to McGlynn's alleged physical and verbal abuse of his players. But that is not pertinent to the football road trips in 2024 and 2025, which are at issue in this matter. Indeed, Plaintiffs do not make—and cannot make—any allegations that McGlynn actively participated in the hazing, neither physically nor verbally. Finally, the allegations

---

[3] *Brown & Williamson Tobacco Corp.*, 201 F.2d at 821.

8

contained in the Second Amended Complaint do not reflect the entirety of that prior investigation. Indeed, Plaintiffs purposefully exclude investigation statements supportive of McGlynn. And the ultimate fact that matters—if at all—is the Consent Agreement that McGlynn executed, which made no findings related to hazing or failing to report information he should have, material issues in dispute in this litigation. As such, the investigation into McGlynn's coaching history is immaterial to the claims against him and there is a substantial risk of prejudice against McGlynn if these paragraphs are allowed to remain.

As to any relevance to Plaintiffs' claims for negligent hiring against Ursuline, again, the conduct alleged in the earlier investigation *did not* involve any failure for McGlynn to properly address hazing among the players on his team. McGlynn is a co-defendant in this lawsuit but is not party to the claims of negligent hiring against Ursuline. Instead, these paragraphs are solely meant to douse McGlynn in a bad light. Accordingly, these paragraphs should be stricken from the Second Amended Complaint as impertinent, immaterial, and scandalous, serving no purpose other than to cast aspersions on Coach McGlynn.

Paragraphs 169–71, including the footnote and Ex. 2 of the Second Amended Complaint, reference a separate and distinct lawsuit filed against the Ohio High School Athletic Association concerning an individual player's eligibility to participate in the 2025-2026 football season for a different school. It is substantively unrelated to the underlying claims of this case,[4] and the paragraphs are impertinent to the football road trips in 2024 and 2025. Allowing these paragraphs

---

[4] Notably, plaintiffs' counsel in the Mahoning County matter is the same counsel as who represents some of the defendants-turned-cooperators in this matter, including D.T., who Plaintiffs recently dismissed from this litigation (*See* Doc. 87). More concerning, the same law firm previously represented McGlynn in his defense in the investigation noted in Paragraphs 141–50. Undersigned counsel has requested McGlynn's prior file from this law firm twice now and has received no response.

to remain serves only to prejudice McGlynn in defending the actual claims at issue herein by causing confusion as to the issues to be litigated. These paragraphs are meant to cast aspersions on defendants and curry favor on Plaintiffs' behalf.

Paragraphs 413, 415, 417, and 418 involve allegations of drug and violence issues at Ursuline and compare it to an unrelated university's clouded history. These paragraphs are impertinent and immaterial to Plaintiffs' claims and are included solely to illicit sympathy, attempt to curry favor on their behalf, and cast aspersions on the defendants.

Paragraphs 520 (second sentence), 521–7, and 533–7 should be stricken as they are merely Plaintiffs' opinions and commentary as to what Coach McGlynn was thinking. The paragraphs do not contain facts or set forth background required to establish an element of a claim. Accordingly, these paragraphs are immaterial and impertinent and should be stricken.

Paragraph 594 should be stricken as it is impertinent and scandalous. Paragraph 594 identifies a potential witness who Plaintiffs acknowledge is a minor and not an Ursuline player. Plaintiffs do not allege that the individual had anything to do with the acts of the Ursuline football players. This witness's identification—if at all—is properly reserved for initial disclosures. Its inclusion here is solely meant to cast aspersions on Coach McGlynn's personal life and is highly prejudicial not only to Coach McGlynn, but also to the identified witness. Paragraph 594 should be stricken as impertinent and scandalous.

Paragraph 959 should be stricken as immaterial, impertinent and scandalous. The paragraph does not contain facts or set forth background required to establish an element of a claim. Instead, it is highly prejudicial to Coach McGlynn as its sole purpose is to cast aspersions on him.

The Coaches would be prejudiced if these paragraphs remain in the complaint. Because the Coaches deny these allegations these paragraphs remain as questions of fact, which Plaintiffs will be required to prove. And as these allegations are character attacks meant to stigmatize the Coaches, the Court should avoid the parties need to litigate these spurious issues.

These paragraphs should be stricken from the Second Amended Complaint.

**D.      Allegations of theft by Ursuline football players (paragraphs 453–4, 552, 595)**

In paragraphs 453–54, 552 and 595, Plaintiffs assert that several of the Ursuline team members stole items from the team shops of the schools visited on particular days. These paragraphs should be stricken as they do not contain any allegations related to an element of any claim. *See McKinney*, 2010 WL 2756915, at *1 ("An immaterial matter is that which has no bearing on the subject matter of the litigation."). Instead, Plaintiffs designed these paragraphs merely to improperly illicit sympathy, to curry favor, as cast aspersions on the defendants.

The Coaches would be prejudiced if these paragraphs remain in the complaint. *See Cumis*, 983 F. Supp. at 798 ("Prejudice results where the challenged allegation has the effect of confusing the issues[.]"). Because the Coaches deny these allegations for lack of knowledge, these paragraphs remain as questions of fact, which Plaintiffs will be required to prove. As the paragraphs are unrelated to the underlying claims, the discovery into these allegations, as well as the time to prove each of them at trial, is unnecessary and an inefficient use of resources and judicial time. Even if the thefts occurred, it does not make it less or more likely that the Coaches were aware of hazing among the boys during the 2024 or 2025 road trips. These allegations, if true, may have been properly raised against the proper parties in a timely fashion. Instead, the allegations and the evidence that would be required to prove them in this matter, would delay litigation in this matter and stigmatize the Coaches.

11

These paragraphs should be stricken from the Second Amended Complaint.

### E. Unnecessary and inflammatory commentary (paragraphs 13, 157, 398, 502, 519, 520 (second sentence), 521–7, 533–7, 750, 752 (sentences 2–4), 946, 953, 955–7, 959–67)

Paragraphs 13, 157, 398, 502, 519, 520 (second sentence), 521–7, 533–7, 750, 752 (sentences 2–4), 946, 953, 955–7, 959–67 should be stricken as they do not contain any allegations related to an element of a claim. Plaintiffs designed these paragraphs merely to improperly illicit sympathy, to curry favor, as cast aspersions on the defendants. *See Despain v. Louisville Metro Gov't*, No. 3:14-CV-P602, 2021 WL 3699386, at *1 (W.D. Ky. Aug. 19, 2021) (Striking allegations is appropriate when "a complaint contains numerous immaterial, impertinent, or scandalous statements designed to improperly illicit sympathy, to curry favor, or to cast aspersions on the defendants.") (citation and internal quotation marks omitted); *see also Jonhson v. County of Macomb*, 2008 WL 2064968 (E.D. Mich. 2008) (striking multiple paragraphs of plaintiffs' complaint that the president of the Parks Commission was related to a person with "known ties to organized crime" because the allegations did not relate to the plaintiffs' allegations of civil rights and religious freedom violations). The Coaches will not repeat these allegations here as doing so would only serve to assist Plaintiffs' intent to use their complaint as a "press release" to generate public outrage or sympathy. These paragraphs include unnecessary and inflammatory commentary, rhetorical questions, and opinions of Plaintiffs' counsel and should be stricken from the Second Amended Complaint as they are immaterial, impertinent, and scandalous.

The Coaches would be prejudiced if these paragraphs remain in the complaint. Because the Coaches deny these allegations, these paragraphs remain as questions of fact, which Plaintiffs will be required to prove. These allegations are meant to stigmatize the Coaches. Because Plaintiffs are using the Second Amended Complaint as a method for trying its case in the court of public opinion,

12

if these paragraphs are allowed to remain, the commentary and speculation woven into these paragraphs will continue to prejudice the Coaches by tainting the jury pool and causing even more hardship in their lives. The Coaches recognize that there is some inherent "bad light" shed upon them simply because of the allegations and claims in this case. However, the paragraphs cited herein go beyond that which is necessary to plead their claims and, instead, serve merely to smear the Coaches' reputations.

These paragraphs should be stricken from the Second Amended Complaint.

**F.  Social media and media statements by persons other than Defendants (paragraphs 823–49, 851–4, 946, 953, 955–7, 959–60)**

Paragraphs 823–49, 851–4, 946, 953, 955–7, 959–60 should be stricken as they do not contain any allegations related to an element of a claim. These paragraphs contain statements regarding media and social networking sites that are immaterial and impertinent to Plaintiffs' claims. Instead, Plaintiffs designed these paragraphs merely to improperly illicit sympathy, to curry favor, and cast aspersions on the defendants.

The Coaches would be prejudiced if these paragraphs remain in the complaint. Because the Coaches deny these allegations these paragraphs remain as questions of fact, which Plaintiffs will be required to prove. As the paragraphs are impertinent to the underlying claims, the discovery into these allegations, as well as the time to prove each of them at trial, is unnecessary and an inefficient use of resources and judicial time. Allowing these allegations to remain only serves Plaintiffs' purpose of damaging the Coaches' reputations by insinuating they are somehow responsible for or aligned with community members who have spoken on social media.

Paragraphs 823–49, 851–4, 946, 953, 955–7, 959–60 should be stricken from the Second Amended Complaint.

### G. Allegations based solely on rumor (paragraph 884, 959)

Paragraphs 884 and 959 should be stricken as they do not contain any allegations related to an element of a claim and are scandalous. Plaintiffs designed these paragraphs merely to improperly illicit sympathy, to curry favor, as cast aspersions on the defendants. Ordinarily, the veracity of an allegation is irrelevant to a motion to strike. *See Keefer v. Wiles, Boyle, Burkholder & Bringardner, Co., LPA,* No. 2:07-CV-1205, 2008 WL 4404295, at *1 (S.D. Ohio Sept. 23, 2008) ("A motion to strike is in the nature of a motion to dismiss, and all well-pleaded allegations [. . .] sought to be stricken must be accepted as true.") (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 821 (6th Cir.1953)). However, the Coaches assert that these two paragraphs raise specific concerns as they are scandalous and, with respect to paragraph 959, also impertinent.

The Coaches would be prejudiced if these paragraphs remain in the complaint. Because the Coaches deny these allegations these paragraphs remain as questions of fact, which Plaintiffs will be required to prove.

Accordingly, these paragraphs should be stricken from the Second Amended Complaint.

### IV. CONCLUSION

The Coaches move to strike paragraphs 13, 51–53, 55–7, 72, 85–88, 90–123, 136–9, 141–50, 157, 169–87, 398, 412–3, 415, 417–8, 453–4, 502, 520 (second sentence), 521–7, 533–7, 552, 594–5, 750, 752 (sentences 2–4), 768–96, 823–49, 851–4, 884, 946, 953, 955–7, and 959–67 of the Second Amended Complaint as immaterial, impertinent, and/or scandalous. Allowing these paragraphs to remain would cause substantial prejudice against the Coaches as they would likely cause unnecessary confusion or are scandalous. *See Skydive Arizona, Inc. v. Quattrochi*, No. CV 05-2656-PHX-MHM, 2006 WL 2460595, at *11 (D. Ariz. Aug. 22, 2006) (striking allegations

14

regarding "Defendants' conduct with other third-parties and businesses" as immaterial; allegations regarding non-parties "would likely cause unnecessary confusion and potential prejudice" against the defendant); *Smith v. AVSC Int'l, Inc.*, 148 F. Supp. 2d 302, 317 (S.D.N.Y. 2001) (striking allegations of defendant's conduct toward third parties); *Composite Res., Inc. v. Alphapointe Combat Med. Sys., LLC*, No. 317CV00072MOCDSC, 2018 WL 3822468, at *1 (W.D.N.C. Aug. 10, 2018) ("'the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matters of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations.'") (quoting *5C Wright, Miller & Marcus, Federal Practice & Procedure*, § 1382 (3d ed. 2004)).

Plaintiffs' Second Amended Complaint goes well beyond the pleading requirements of Fed. R. Civ. P. 8(a) becoming a "press release" to generate public outrage or sympathy and cause substantial prejudice against the Coaches. Accordingly, the paragraphs indicated should be stricken from the Second Amended Complaint to prevent unfair prejudice to the Coaches and other defendants and to "'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Loc. 324 Health Care Plan*, 783 F.3d at 1050 (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)).

Respectfully submitted,

*/s/ Patrick M. Rahill*
Patrick M. Rahill (OH 0093556)
Christopher J. Joyce (OH 0086576)
**Flannery | Georgalis, LLC**
1621 Euclid Avenue, Floor 20
Cleveland, Ohio 44115
(216) 466-0635 (Patrick)
(216) 466-0416 (Chris)
prahill@flannerygeorgalis.com
cjoyce@flannerygeorgalis.com

15

*Attorney for Defendants Daniel Reardon, Timothy McGlynn, and Christian Syrianoudis*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that the foregoing Motion to Strike complies with LR 7.1(f). This litigation has not been assigned to a case management track. Additionally, this memorandum, exclusive of the signature block, is less than 20 pages in length pursuant to LR 7.1(f)

*/s/ Patrick M. Rahill*
Patrick M. Rahill (OH 0093556)

*Attorney for Defendants Daniel Reardon, Timothy McGlynn, and Christian Syrianoudis*

**CERTIFICATE OF COUNSEL**

I hereby certify that prior to filing this Motion to Strike, undersigned counsel contacted Plaintiffs' counsel and requested that Plaintiffs file an amended complaint removing the immaterial, impertinent, and scandalous material within 21 days. Plaintiffs refused to remove the offending material.

*/s/ Patrick M. Rahill*
Patrick M. Rahill (OH 0093556)

*Attorney for Defendants Daniel Reardon, Timothy McGlynn, and Christian Syrianoudis*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 5, 2025, a copy of the foregoing was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to all parties via the Court's CM/ECF electronic filing system.

                */s/ Patrick M. Rahill*
                Patrick M. Rahill (OH 0093556)

                *Attorney for Defendants Daniel Reardon, Timothy McGlynn, and Christian Syrianoudis*