PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, *et al.*, | ) | CASE NO. 4:25-CV-01822 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| URSULINE HIGH SCHOOL, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 79, 88, 89, 96] |

The Court considers four motions from Plaintiffs. For the reasons herein, the Court: (1) grants in part their Motion for Extension of Deadline to Serve a Second Amended and Supplemental Complaint (ECF No. 79); (2) grants in part and denies in part their Application for Entry of Default (ECF No. 88); (3) holds in abeyance in part and denies in part their Motion for Default Judgment (ECF No. 89); and (4) denies their Motion to Withdraw Document (ECF No. 96).

## I. DISCUSSION

**A. MOTION FOR EXTENSION OF SERVICE DEADLINE — ECF NO. 79**

*1. Law*

If a defendant is not served within 90 days of a filed complaint, a district court must dismiss the suit against them without prejudice or order service within a specified time. *See* Fed. R. Civ. P. 4(m). A court may extend the service window only for "an appropriate period" when the plaintiff shows good cause for failure to serve. *See id.*

(4:25-CV-01822)

### 2. Arguments

Plaintiffs filed this lawsuit on September 2, 2025. *See* ECF No. 1. Named Defendants in the complaint include Dale Peterman, Benjamin Smith, and [FNU] [LNU] (father of A.B.). *See* ECF No. 1 at PageID ##: 267–268. Therefore, the cutoff to serve those Defendants was December 1, 2025. *See* Fed. R. Civ. P. 4(m). Plaintiffs argue that they tried—yet failed—to serve these three Defendants in November 2025. *See* ECF No. 79 at PageID ##: 1349–51. They contend that their "diligence in attempting to perfect service constitutes good cause for an extension of time" under Fed. R. Civ P. 4(m) so that they "may issue their first set of interrogatories after the case-management conference" that might reveal the locations of these unserved defendants.[1] ECF No. 79 at PageID ##: 1344–45.

### 3. Analysis

Plaintiffs err in both timing and substance. First, rather than promptly notifying the Court of their obstacles in obtaining service, they waited until the last day to move for an overly generous extension of three months. Second, rather than timely moving for early discovery to locate the unserved Defendants, they diluted that request in the instant motion rather than independently requesting and justifying it—seemingly implying the Court should *sua sponte* order such relief. The Court cannot grant a milquetoast motion-within-a-motion. A motion for pre-service discovery must be made in writing and accompanied by a supporting memorandum of all points and authorities relied on. *See* Local Rule 7.1. Plaintiffs have, however, through the affidavit of their process server in accord with Fed. R. Civ. 4(m), demonstrated good cause to enlarge the time for service. *See* ECF No. 79 at PageID ##: 1349–51. Three months is not "an

---

[1] Allegedly from Defendants Layshawna Garner, D.P., Kristen Brown, A.B., Janell Bankston, and B.S.

2

(4:25-CV-01822)

appropriate period" under the circumstances. The motion is, therefore, granted in part. Plaintiffs are provided an additional 30, not 90 days, to serve Dale Peterman, Benjamin Smith, and [FNU] [LNU] (father of A.B.).

### B. Application for Entry of Default — ECF No. 88

#### 1. Law

When a civil defendant fails to timely plead or otherwise defend and that failure is demonstrated by affidavit or otherwise, the Clerk of Court must enter default under Fed. R. Civ. P. 55(a).[2] If default is entered, the defendant may formally move to set it aside under Fed. R. Civ. P. 55(c). See *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839 (6th Cir. 1983). If moved, a court may set aside the entry of default for good cause is shown. See Fed. R. Civ. P. 55(c). If it does not set aside the default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). If a court grants and enters default judgment, the defendant may later move for post-judgment relief under Fed. R. Civ. P. 60(b).

#### 2. Arguments

Plaintiffs move for entry of default against Defendants D.P., Layshawna Garner, Ta.W., Raylette Robinson, To.W., Todd White, Jr., Migdalia Sauceda, A.B., Kristen Brown, G.C., Anthony Camuso, Rachel Camuso, C.S., Liza Strawn, Michael Rice, B.S., and Janell Bankston. See ECF No. 88. They contend that, despite timely service, these Defendants failed to plead or defend as required by Fed. R. Civ. P. 55(a) and Court order. See ECF No. 19.

---

[2] "Otherwise defend" meaning challenges to service, venue, or the sufficiency of prior pleadings. See 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (4th ed. 2024).

3

(4:25-CV-01822)

### 3. Analysis

The motion is well-taken against some Defendants but not others. Plaintiffs initiated this lawsuit on September 2, 2025. *See* ECF No. 1. The Court directed them to amend their complaint to include the names of all known Defendants under Fed R. Civ. P. 5.2(a)(3), 10(a), 15(a)(2), and 17(c). *See* ECF No. 19. Plaintiffs complied with that order. *See* ECF No. 22. The Court granted Plaintiffs' second motion to amend their complaint, *see* ECF No. 20, which Plaintiffs timely filed on November 10, 2025. *See* ECF No. 45.

In the instant motion, Plaintiffs claim that:

> Based on the Court's November 21, 2025 Order, which Plaintiffs read in conjunction with the Court's October 17, 2025 Memorandum of Opinion and Order, Defendants are required to plead or otherwise respond within 14 days of service of the summons and Second Amended and Supplemental Complaint.

ECF No. 88 at PageID #: 1374. This interpretation is incorrect and contradicts the Federal Rules of Civil Procedure, Local Rules of Civil Procedure, and plain language of all preceding Orders. On October 17, 2025, the Court stated—in reference to the forthcoming first amended complaint, *see* ECF No. 22—that "Defendants shall respond to the amended pleading within the time remaining to respond to the original complaint, or within [14] days after service of the amendment—*whichever is later*." ECF No. 19 at PageID #: 252 (emphasis added). When it subsequently granted Plaintiffs permission to file a second amended complaint, *see* ECF No. 20, the Court did not modify the well-established pleading cutoffs, thus leaving intact the off-the-shelf timelines dictated by the Federal and Local Rules. *See* ECF No. 34.

Accordingly, each Defendant has long been locked to the latter of three possible responsive pleading cutoff formulae: (1) 21 days from service of process under Fed. R. Civ. P. 12(a)(1)(A)(i); (2) 60 days from (the sending of) a returned waiver of service under Fed. R. Civ.

4

(4:25-CV-01822)

P. 12(a)(1)(A)(ii) and 4(d); or (3) 14 days from service of an amended complaint under Fed. R. Civ. P. 15(a)(3).  The "14-day due date" from service of the second amended complaint asserted by Plaintiffs matters only when that date falls later than the time remaining to respond to the *original* complaint.  *See* Fed. R. Civ. P. 15(a)(3).  There has been no command to the contrary.  In fact, the October 17, 2025 Order reiterated the precise language of Fed. R. Civ. P. 15(a)(3), indicating that each responsive pleading was due on the latest applicable date, not the earliest.  *See* ECF No. 19 at PageID #: 252.  The Court has not abrogated Defendants' widespread responsive windows, nor does it do so now.  Nothing in ECF Nos. 19, 34, or 57—read either independently or collectively—logically leads to Plaintiffs' interpretation or the incorrect cutoff dates calculated therefrom.

### a. To.W., Todd White, Jr. and Migdalia Sauceda's Responsive Pleading Cutoff was December 1, 2025

Defendants To.W., Todd White, Jr., and Migdalia Sauceda waived service of the original complaint in response to requests sent on September 20, 2025.  *See* ECF Nos. 48, 49, 50.  Thus, their answers were due 60 days later on November 19, 2025.  *See* Fed. R. Civ. P. 12(a)(1)(A)(ii), 4(d).  That said, these three Defendants were personally served with the second amended complaint on November 17, 2025, *see* ECF Nos. 67, 68, 69, resurrecting Fed. R. Civ. P. 15(a)(3) and potentially opening a renewed 14-day window to respond—but only if that date fell later than the original responsive cutoff.  As sure as Christmas follows Thanksgiving, December comes after November. Thus, December 1, 2025 became the operative responsive pleading cutoff for Defendants To.W., Todd White, Jr. and Migdalia Sauceda under Fed. R. Civ. P. 15(a)(3)—not November 19, 2025.  Still, they failed to plead or defend by December 1, 2025.  Therefore, the application for entry of default against Defendants To.W., Todd White, Jr. and Migdalia Sauceda is granted.

5

(4:25-CV-01822)

### b. G.C., Rachel Camuso, C.S., Liza Strawn, B.S., and Janell Bankston's Responsive Pleading Cutoff was December 8, 2025

Defendants G.C., Rachel Camuso, C.S., Liza Strawn, B.S., and Janell Bankston were personally served with the second amended complaint on November 17, 2025. *See* ECF Nos. 60, 61, 62, 63, 64, 66. This was their first receipt of service in this litigation, and thus their answers were due 21 days later on December 8, 2025 under Fed. R. Civ. P. 12(a)(1)(A)(i). Fourteen days from service of the second amended complaint is December 1, 2025, which is not later than December 8, 2025 and not the operative cutoff under the Federal Rules. Defendants C.S. and Liza Strawn timely answered on the final day, December 8, 2025. *See* ECF No. 95. Defendant Rachel Camuso, despite missing the cutoff by three days, has since moved for leave to plead out of rule (which the Court granted in a separate Order). *See* ECF No. 98. The application for entry of default against Defendants C.S., Liza Strawn, and Rachel Camuso is, therefore, denied. Conversely, Defendants G.C., B.S., and Janell Bankston failed to plead or defend by December 8, 2025. Therefore, the application for entry of default against Defendants G.C., B.S., and Janell Bankston is granted.

### c. D.P., Layshawna Garner, Kristen Brown, and A.B.'s Responsive Pleading Cutoff was December 9, 2025

Defendants D.P., Layshawna Garner, Kristen Brown, and A.B. were personally served with the second amended complaint on November 18, 2025. *See* ECF Nos. 70, 71, 74, 75. Like their co-Defendants, this was their first receipt service, and their answers were due 21 days later on December 9, 2025 under Fed. R. Civ. P. 12(a)(1)(A)(i). Again, 14 days from service of the second amended complaint is December 1, 2025, which is not later than December 9, 2025. Still, they failed to plead or defend by December 9, 2025. Therefore, the application for entry of default against D.P., Layshawna Garner, Kristen Brown, and A.B. is granted.

6

(4:25-CV-01822)

### d. Anthony Camuso and Michael Rice's Responsive Pleading Cutoff was December 11, 2025

Defendants Anthony Camuso and Michael Rice were personally served (again, for the first time) with the second amended complaint on November 20, 2025.  *See* ECF Nos. 65, 76.  Their answers were therefore due 21 days later on December 11, 2025 under Fed. R. Civ. P. 12(a)(1)(A)(i).  Fourteen days from service of the second amended complaint is December 1, 2025, which is not later than December 11, 2025.  Defendant Anthony Camuso, despite missing the cutoff, has since moved and received leave to plead out of rule.  *See* ECF No. 97.  Michael Rice, however, failed to plead or defend by December 11, 2025.  Therefore, the application for entry of default is denied against Defendant Anthony Camuso but granted against Defendant Michael Rice.

### e. Ta.W. and Raylette Robinson Responsive Pleading Cutoff was December 9, 2025

Defendants Ta.W. and Raylette Robinson waived service of the original complaint in response to requests sent on October 24, 2025, meaning their answers were due 60 days later on December 23, 2025 under Fed. R. Civ. P. 12(a)(1)(A)(ii) and 4(d).  They were, however, personally served with the second amended complaint on November 18, 2025, establishing a new 21-day responsive window that reset their responsive pleading cutoff to December 9, 2025.  Defendants Ta.W. and Raylette Robinson failed to plead or otherwise defend by December 9, 2025.  Therefore, the application for entry of default against Defendants Ta.W. and Raylette Robinson is granted.

(4:25-CV-01822)

### C. MOTION FOR DEFAULT JUDGMENT — ECF NO. 89

#### 1. Law

The entry of default establishes liability for all well-pleaded allegations in the complaint. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). After entry of default in claims for sums uncertain, the plaintiff must move for default judgment and validate the corresponding damages, if any. *See* Fed. R. Civ. P. 55(b)(2). That said, the Sixth Circuit recognizes that default judgment against one defendant, but not others, in multidefendant litigation risks inconsistent and inefficient adjudication and despoiled judicial economy. *See Kimberly v. Coastline Coal Corp.*, No. 87-6199, 1988 WL 93305 (6th Cir. Sept. 9, 1988). Therefore, the circuit prefers that district courts defer entering default judgment until all claims have been addressed on the merits—against defaulting and non-defaulting defendants alike. *See Calloway v. Cleaning & Restoration, Inc. v. Burer*, No. 1:22-CV-12, 2023 WL 8372809, at *4 (S.D. Ohio Dec. 4, 2023). If the plaintiff later loses on the merits, the complaint may be dismissed against the defaulting defendants. *See, e.g.*, *Exquisite Form Indus., Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403 (S.D.N.Y. 1974)

#### 2. Analysis

As discussed, the entry of default is appropriate and granted as to Defendants To.W., Todd White, Jr., Migdalia Sauceda, G.C., B.S., Janell Bankston, D.P., Layshawna Garner, Kristen Brown, A.B., Michael Rice, Ta.W., and Raylette Robinson for failure to timely plead or defend under Fed. R. Civ. P. 55(a). Plaintiffs' motion for default judgment against these Defendants is held in abeyance pending resolution for the remaining Defendants similarly

8

(4:25-CV-01822)

situated in this dispute.[3] If the Court later grants default judgment against a Defendant, a consolidated briefing schedule shall issue wherein Plaintiffs will have ample opportunity to provide verifiable evidence of damages, and a damages hearing will be held if necessary.[4]

### D. INCOMPLETE SERVICE

As of December 12, 2025, 13 Defendants represented by counsel have been served electronically with the second amended complaint,[5] 17 Defendants have been personally served with the second amended complaint,[6] and one Defendant has waived service.[7] Yet three Defendants remain unserved,[8] while another three have not been served with the second amended complaint.[9] To further complicate matters, three Defendants waived service of the first complaint, failed to answer, were personally served the second complaint, and failed to answer for a second time.[10] In the shadow of these inconsistent processes, Plaintiffs allege they have

---

[3] Given that the application for entry of default is denied as to Defendants Anthony Camuso, Rachel Camuso, Liza Strawn, and C.S., the motion for default judgment against them is also denied. *See* ECF Nos. 88, 89. Having denied both motions against Defendants C.S. and Liza Straw, the motion to withdraw is denied. *See* ECF No. 96.

[4] Thus, Plaintiffs request for 60 days to provide supplementary evidence of damages and for a hearing on damages, at this time, are denied.

[5] Ursuline High School, Matthew Sammartino, Margaret Damore, Daniel Reardon, Timothy McGlynn, Christian Syrianoudis, Diocese of Youngstown, D.T., T.S., Charlotte Syrianoudis, J.B., David Brace, and Gina Brace. *See* N.D. Ohio Electronic Filing Policies and procedures Manual (Feb. 10, 2020).

[6] Janell Bankston, B.S., Liza Strawn, C.S., Rachel Camuso, Anthony Camuso, G.C., Migdalia Sauceda, Todd White, Jr., To.W., A.B., Kristen Brown, Raylette Robinson, Ta.W., Layshawna Garner, D.P., and Michael Rice (*nee* [FNU] Strawn). *See* ECF Nos. 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76.

[7] John DeSantis. *See* ECF No. 56.

[8] Dale Peterman, [FNU] [LNU] (parent of A.B.), and Benjamin Smith.

[9] C.C., Christopher Crilley, and Gina Crilley. *See id.*

[10] Todd White, Migdalia Sauceda, and To.W. *See id.*

9

(4:25-CV-01822)

served all Defendants other than Dale Peterman, [FNU] [LNU] (Father of A.B.), and Benjamin Smith. See ECF No. 79 at PageID #: 1344. There is no record that [FNU] [LNU] (parent of T.S.), rather than his co-parent, Charlotte Syrianoudis, was served as required by December 1, 2025.[11] Likewise, there is no record that Defendants C.C., Christopher Crilley, and Gina Crilley have been served the second amended complaint under Fed. R. Civ. P. 5(a)(1)(B). [12] See id.

To address these shortcomings, Plaintiffs shall properly serve the second amended complaint on Defendants C.C., Christopher Crilley, Gina Crilley, and [FNU] [LNU] (Parent of T.S.) within 14 days of this Order[13] or, by that date, docket verification that such service has been made. Defendants C.C., Christopher Crilley, Gina Crilley, and [FNU] [LNU] (Parent of T.S.) shall file a responsive pleading to the second amended compliant within 14 days of service.

---

[11] If [FNU] [LNU] (parent of T.S.) is identical to Defendant Christian Syrianoudis, Plaintiffs should clarify. These two Defendants are listed separately with separate counsel on the docket.

[12] If a defendant is in default for failing to appear, no service of an amended complaint is technically required under Fed. R. Civ. P. 4 or 5(a)(2). Still, the best practice, now ordered, is to serve an amended complaint on any defendant who has not yet appeared. See Amended Complaint Service, Practical Law Checklist 3-518-3903

[13] Plaintiffs claim that their "counsel have spoken with counsel for Defendants C.C., Christopher Crilley, and Gina Crilley—Robert McDowall. He has had difficulty accessing PACER to enter an appearance and believes he has through December 6, 2025 to respond to the Second Amended and Supplemental Complaint. He anticipates asking for additional time." ECF No. 89 at PageID #: 1386. Although Defendants C.C., Christopher Crilley, and Gina Crilley waived service of the original complaint—sent October 8, 2025, thus setting their responsive cutoff to December 7, 2025—Plaintiffs' failure to serve them the second amended complaint (paired with Attorney McDowall's failure to make an appearance on the docket to constitute electronic service) prompts the Court to extend their responsive timeline herein.

(4:25-CV-01822)

## II. CONCLUSION

(1) Plaintiffs' Motion for Extension of Time to Serve Defendants (ECF No. 79) is granted in part. They shall serve Defendants Dale Peterman, Benjamin Smith, and [FNU] [LNU] (father of A.B.) within 30 days of this order. Defendants Dale Peterman, Benjamin Smith, and [FNU] [LNU] (father of A.B.) shall file a responsive pleading to the second amended compliant within 14 days of service. Plaintiffs shall not anticipate that another extension will be granted.

(2) Plaintiffs' Application for Entry of Default (ECF No. 88) is granted against Defendants To.W., Todd White, Jr., Migdalia Sauceda, G.C., B.S., Janell Bankston, D.P., Layshawna Garner, Kristen Brown, A.B., Michael Rice, Ta.W., and Raylette Robinson, and denied against Defendants Anthony Camuso, Rachel Camuso, Liza Strawn, and C.S.

(3) Plaintiffs' Motion for Default Judgment (ECF No. 89) is held in abeyance against Defendants To.W., Todd White, Jr., Migdalia Sauceda, G.C., B.S., Janell Bankston, D.P., Layshawna Garner, Kristen Brown, A.B., Michael Rice, Ta.W., and Raylette Robinson, and denied against Defendants Anthony Camuso, Rachel Camuso, Liza Strawn, and C.S. Plaintiffs' motion for a damages hearing and request for 60 days to submit supplemental briefing are denied.

(4) Plaintiffs' Motion to Withdraw Document (ECF No. 96) is denied.

(5) Plaintiffs shall complete service of the second amended complaint on Defendants C.C., Christopher Crilley, Gina Crilley, and [FNU] [LNU] (Parent of T.S.) within 14 days of this Order[14] or, by the same day, docket verification that such service has been made. Defendants

---

[14] Plaintiffs claim that their "counsel have spoken with counsel for Defendants C.C., Christopher Crilley, and Gina Crilley—Robert McDowall. He has had difficulty accessing PACER to enter an appearance and believes he has through December 6, 2025 to respond to the Second Amended and Supplemental Complaint. He anticipates asking for additional time." ECF

11

(4:25-CV-01822)

C.C., Christopher Crilley, Gina Crilley, and [FNU] [LNU] (Parent of T.S.) shall file a responsive pleading to the second amended compliant within 14 days of said service.

    IT IS SO ORDERED.

| | |
|---|---|
| December 16, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |

---

No. 89 at PageID #: 1386.  Although Defendants C.C., Christopher Crilley, and Gina Crilley waived service of the original complaint—sent October 8, 2025, thus setting their responsive cutoff to December 7, 2025—Plaintiffs' failure to serve them the second amended complaint (paired with Attorney McDowall's failure to make legitimate appearance on the docket to receive electronic service) prompts the Court to extend their responsive timelines.