PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, *et al.*, | ) CASE NO. 4:25-CV-01822 |
| Plaintiffs, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| URSULINE HIGH SCHOOL, *et al.*, | ) **MEMORANDUM OF** |
| | ) **OPINION AND ORDER** |
| Defendants. | ) **[Resolving ECF No. 101]** |

The Court considers Plaintiffs' Motion to Strike (ECF No. 101) contesting the compliance of Defendants' Motion for Judgment on the Pleadings (ECF No. 99). The Motion to Strike is granted in part for the reasons herein.

## I. Background

Defendants Ursuline High School, the Catholic Diocese of Youngstown, Matthew Sammartino, Margaret Damore, and John DeSantis ("Diocese Defendants") sought leave of Court to exceed Local Rule 7.1's page limitation for their memorandum in support of a motion for judgment on the pleadings. *See* ECF No. 78. The Court granted the motion in part and gave Diocese Defendants "permission to file a memorandum in support up to thirty pages (excluding the requisite table of contents and table of authorities)." ECF No. 93 at PageID #: 1607. Four days after the Court issued its ruling, the Diocese Defendants filed a dispositive motion with a memorandum in support. *See* ECF Nos. 99. Plaintiffs filed the instant motion to strike immediately thereafter. *See* ECF No. 101.

(4:25-CV-01822)

Plaintiffs argue therein that Diocese Defendants "filed an eight-page motion, including a lengthy introduction and argument, plus a thirty-page memorandum" and "evaded the thirty-page limit by sneaking their issues section up into a full, separate Roman-numeraled [sic] page." ECF No. 101 at PageID #: 1701 (cleaned up).  Plaintiffs contend that the motion "is really thirty-seven to thirty-nine pages" and, therefore, exceeds the thirty-page limit. ECF No. 101 at PageID #: 1702 (cleaned up).  Plaintiffs urge the Court to strike the non-conforming motion and further "suggest that the Court not grant [Diocese Defendants] leave to file a compliant motion or memorandum until after [the Court] decides on a referral to mediation, based on the Parties' [Fed. R. Civ. P. 26(f)] report and discussion at the upcoming case-management conference." ECF No. 101 at PageID #: 1702 (cleaned up).

## II. Law

The Court begins by reviewing the relevant Local Rule of Civil Procedure:

> Without prior approval of the Judicial Officer for good cause shown, memoranda relating to dispositive motions must not exceed ten (10) pages in length for expedited cases, twenty (20) pages for administrative, standard and unassigned cases, thirty (30) pages for complex cases, and forty (40) pages for mass tort cases.
>
> Every memorandum related to a dispositive motion must be accompanied by a certification specifying the track, if any, to which the case has been assigned and a statement certifying that the memorandum adheres to the page limitations set forth in this section. In the event that the page limitations have been modified by order of the Judicial Officer, a statement to that effect must be included in the certification along with a statement that the memorandum complies with those modifications.
>
> Failure to comply with these provisions may be sanctionable at the discretion of the Judicial Officer.

Local Rule 7.1(f).  Because the Court has not yet assigned the instant case to a track, Diocese Defendants were limited to twenty pages to explain their theories in support of disposition.  *See*

2

(4:25-CV-01822)

*id.*  At best, if the Court were to designate this case as complex after the case management conference—as recommended by the Parties in their Fed. R. Civ. P. 26(f) report, *see* ECF No. 100 at PageID #: 1694—that limit would enlarge to thirty pages.  See *id.*  Appendices of evidentiary, statutory, and other materials are excluded from these limitations.  *Id.*  Regardless of the track to which the Court ultimately assigns the case, the Court alone maintains the authority to limit or enlarge pagination to suit the purposes of this litigation.

### III.  DISCUSSION

Given the considerable length and breadth of Plaintiffs' second amended complaint, *see* ECF No. 45, the Court permitted Diocese Defendants to craft their early dispositive motion as if the case had been assigned to the complex track.  See ECF No. 93.  Their counsel alleges that the contested memorandum "complies with the Court's Order dated December 8, 2025 providing Defendants' leave to file an oversize memorandum of thirty pages."  ECF No. 99–1 at PageID #: 1691 (cleaned up).  The Court disagrees and finds that certification disingenuous.

Diocese Defendants' eight-page motion for judgment on the pleadings is one-part "motion in writing" under Local Rule 7.1(b) to three-parts "memorandum of points and authorities on which it relies" under Local Rule 7.1(c).  Consequently, even before addressing their supporting memorandum, Diocese Defendants are six pages deep towards an excepted thirty-page limit.  See ECF No. 99 at Page ID ##: 1647–52.  The supporting "thirty-page" memorandum—taken independently or holistically with its parent motion— exceeds the ordered limit.  Facially, it is docketed at forty pages.  See ECF No. 99–1 at Page ID ##: 1653–1692.  Excluding the caption (one page), table of contents (two pages), table authorities (four pages), signature block and certification of compliance (one page), and certification of service (one page), however, it is substantively thirty-one pages long.  See ECF No. 99–1 at Page ID ##:

3

(4:25-CV-01822)

1660–90.  When the Court excluded the table of contents and table of authorities from Defendants' page limitation, it reinforced the Local Rules' command that "all memoranda exceeding fifteen pages in length . . . must have a table of contents, a table of authorities cited, a brief statement of the issue(s) to be decided, and a summary of the argument presented."  See ECF No. 93 at PageID #: 1607; Local Rule 7.1(f) (cleaned up).  Neither that Order nor the Local Rules granted Diocese Defendants any latitude to: (a) exclude their argument summary, see ECF No. 99 at Page ID ##: 1647–52, or issues presented for review, see ECF No. 99–1 at PageID #: 1660, from that thirty-page limit; or (b) exceed that page limit entirely.

      Diocese Defendants submitted six pages of points and authorities (in their motion for judgment on the pleadings) alongside thirty-one pages of points and authorities (in their memorandum in support of that motion.)  See ECF No. 99 at Page ID ##: 1647–90.  Therefore, they have exceeded the thirty-page limit by seven pages.  This is a clear violation the Court's Order.  See ECF No. 93.  A thirty-seven-page memorandum is likely the product of an unrestrained scribe and not focused in a way most helpful to the Court.  As explained in the Case Management Plan, and as the Parties should have anticipated, the Court strictly enforces provisions regarding length of memoranda filed in support of motions.  See Local Rule 7.1(f); ECF No. 44.  The differentiated case management processes the Court utilizes to manage its civil docket are essential to the delay reduction and cost mitigation purposes of the Civil Justice Reform Act of 1990.  See 28 U.S.C. § 471 et seq.  The Court finds that Diocese Defendants' memorandum in support of their motion for judgment on the pleadings violates the letter and spirit of Local Rule 7.1(f).[1]  The motion to strike is thus well-taken.  The Court will further

---

[1] This noncompliance is compounded when the Court considers that the footnotes are in a font size obviously smaller than that of the main text.  That, too, is in violation of

(4:25-CV-01822)

ponder whether and what sanctions shall be imposed for the disobedience of Diocese Defendants.

## III.  CONCLUSION

Plaintiffs' Motion to Strike (ECF No. 101) is granted in part.  Defendants' Motion for Judgment on the Pleadings (ECF No. 99) shall be stricken from the docket.  No replacement motion by the Diocese Defendants shall be filed until further Order of the Court.

  IT IS SO ORDERED.

| | |
|---|---|
| December 16, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

the expectations of the Court that all printed matter (including footnotes) must appear in at least 12 point type on pages not exceeding 8 1/2 by 11 inches and type matter not exceeding 6 1/2 by 9 1/2 inches.  *See, e.g.*, Fed. R. App. P. 32(4)–(5).

5