PEARSON, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JANE DOE, *et al.*, | ) CASE NO. 4:25-CV-01822 |
| Plaintiffs, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| URSULINE HIGH SCHOOL, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) **[Resolving ECF No. 92]** |

The Court considers Defendants Daniel Reardon, Timothy McGlynn, and Christian Syrianoudis' Motion to Strike (ECF No. 92). The Motion is granted in part.  The paragraphs identified herein are stricken.

## I. Background

Defendants seek to strike 183 paragraphs from Plaintiffs' Second Amended complaint, *see* ECF No. 45, as immaterial, impertinent, scandalous, and designed to improperly illicit sympathy, curry favor, or cast aspersions.  *See* ECF No. 92 at PageID #: 1587.  The contested paragraphs are: ¶ 13, ¶¶ 51–53, ¶¶ 55–57, ¶ 72, ¶¶ 85–88, ¶¶ 90–123, ¶¶ 136–39, ¶¶ 141–50, ¶ 157, ¶¶ 169–87, ¶ 398, ¶¶ 412–13, ¶ 415, ¶¶ 417–18, ¶¶ 453–54, ¶ 502, ¶ 519, ¶ 520 (second sentence), ¶¶ 521–27, ¶¶ 533–37, ¶ 552, ¶¶ 594–95, ¶ 750, ¶ 752 (sentences 2–4), ¶¶ 768–96, ¶¶ 823–49, ¶¶ 851–54, ¶ 884, ¶ 946, ¶ 953, ¶¶ 955–57, and ¶¶ 959–67.  *See* ECF No. 45 at Page ID ##: 584–747.

(4:25-CV-01822)

## II. Law

Plaintiffs filed this complaint in an Article III court. It was, therefore, required to contain a short and plain statement of the grounds for jurisdiction, a short and plain statement of the claim showing entitlement to relief, and a demand for the relief sought. See Fed. R. Civ P. 8(a). Through Fed. R. Civ. P. 12(f) a district court may—*sua sponte* or when moved—strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." See Akron Bd. of Educ. v. Wallace, No. 5:16-CV-188, 2018 WL 4510087, at *1 (N.D. Ohio Sept. 19, 2018) (Pearson, J.) A matter is immaterial when it "has no bearing on the subject matter of the litigation." McKinney v. Bayer Corp., No. 10-CV-224, 2010 WL 2756915 (N.D. Ohio July 12, 2010) (O'Malley, J.) A matter is impertinent when it "include[s] statements that are not necessary to the issues presented." Id. A matter is scandalous when it makes "any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." Id. (quoting Pigford v. Veneman, 215 F.R.D. 2, 4 (D. D.C. 2003)).

## III. Discussion

Plaintiffs' second amended complaint does not speak; it shouts. See ECF No. 45. This violates Fed. R. Civ P. 8: the identified paragraphs therein are neither short nor plain. The Court exercises its substantial discretion to strike under Fed. R. Civ. P. 12(f) and thereby "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015); see In re Keithley Instruments, Inc., Derivative Litig., 599 F. Supp. 2d 908 (N.D. Ohio 2009) (Lioi, J.)

(4:25-CV-01822)

## IV. Conclusion

Defendants Daniel Reardon, Timothy McGlynn, and Christian Syrianoudis' Motion to Strike (ECF No. 92) is granted in part.  The following paragraphs are hereby stricken from Plaintiffs' second amended complaint ([ECF No. 45](#)): ¶ 13 (including footnote), ¶ 7, ¶¶ 99–123, ¶ 146, ¶ 157, ¶ 169, ¶ 398. ¶¶ 412–13,  ¶ 415, ¶ 418, ¶¶ 453–54, ¶ 520 (second sentence), ¶¶ 533–37, ¶ 552, ¶¶ 594–95, ¶ 750, ¶ 752 (sentences 2–4), ¶¶ 823–49, ¶¶ 851–54, ¶ 884, ¶ 946, ¶ 953, ¶¶ 955–57, and ¶¶ 959–67.  The statements within those paragraphs are extraneous and shall removed from Plaintiffs' forthcoming third amended complaint, whether in their original or renumbered form.

    IT IS SO ORDERED.

| | |
|---|---|
| December 17, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |