`PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE *et al.*, | ) | CASE NO. 4:25-CV-1822 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| URSULINE HIGH SCHOOL *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 151] |

## I.  INTRODUCTION

With great regret and lamentation, the Court considers an unopposed Motion for Extension of Time to Answer.  *See* ECF No. 151.  Movants are Defendants Timothy McGlynn, Daniel Reardon, and Christian Syrianoudis ("Coach Defendants.")  They seek an additional thirty days to respond to the Third Amended Complaint because Plaintiffs allegedly made impermissible additions and edits therein.  *See* ECF Nos. 150, 151 at PageID #:  2409.  The Court grants the Motion in part and advises counsel for all Parties to behave civilly in compliance with Fed. R. Civ. P. 11.  More to the point, each counsel should pause, think, and only then act, as if their reputations depend on each word uttered.

## II.  BACKGROUND

Plaintiffs filed their Complaint on September 2, 2025.  *See* ECF No. 1.  In compliance with Court Order, they filed an Amended Complaint on October 20, 2025, *see* ECF Nos. 19, 22, and a Second Amended Complaint on November 10, 2025, *see* ECF No. 45.  At the Case Management Conference, the Court set a February 6, 2026 cutoff to file a Third Amended

(4:25-CV-1822)

Complaint, if any.  *See* Minutes of Proceedings [non-document] 12/17/2025.  As the Court

reinforced in its Partial Case Management Order, "[t]he cutoff for amending or seeking leave to

amend the pleadings and/or adding additional parties is February 6, 2026."  ECF No. 111 at

PageID #:  1752, ¶ 14.  Plaintiff did not file a Third Amended Complaint by that date, as was

their right.  *See Doe v. Ursuline High Sch.*, No. 4:25-CV-01822 (N.D. Ohio filed Sept. 2, 2025).

On February 12, 2026, the Court granted in part Coach Defendants' Motion to Seal all three

Complaints.  *See* ECF Nos. 1, 22, 45, 115, 149.   Therein, the Court ordered that:

> No later than February 18, 2026, Plaintiffs shall refile their second
> amended complaint with the following paragraphs *stricken*: ¶ 13
> (including footnote), ¶ 7, ¶¶ 99–123, ¶ 146, ¶ 157, ¶ 169, ¶ 398. ¶¶
> 412–13, ¶ 415, ¶ 418, ¶¶ 453–54, ¶ 520 (second sentence), ¶¶ 533–
> 37, ¶ 552, ¶¶ 594–95, ¶ 750, ¶ 752 (sentences 2–4), ¶¶ 823–49, ¶¶
> 851–54, ¶ 884, ¶ 946, ¶ 953, ¶¶ 955–57, and ¶¶ 959–67. See ECF
> No. 45. *No other content may be amended therein.*

ECF No. 149 at PageID #:  2025 (emphasis added).

On February 18, 2026, Plaintiffs filed a Third Amended Complaint in feigned compliance

with ECF No. 149.  *See* ECF No. 150.  On March 3, 2026—the day before their responsive

pleading was due—Coach Defendants filed the instant Motion for Extension.  *See* ECF No. 151.

Therein, they allege that "[w]hile Plaintiffs' [Third Amended Complaint] removed the stricken

paragraphs, Plaintiffs also added substantive legal argument and amended text within

paragraphs, which this Court never permitted Plaintiffs to do."  ECF No. 141 at PageID #: 2410.

Coach Defendants ask for an extra month to answer; shifting the cutoff from March 4, 2026 to

April 3, 2026.  *See* ECF No. 151.[1]

---

[1] Coach Defendants buried the lede: the Third Amended Complaint is plainly
inappropriate, and they ought to have said so sooner.  *See* Oscar Wilde, *An Ideal Husband*, act 1
(1895) ("Questions are never indiscreet, answers sometimes are.")

(4:25-CV-1822)

## III.  LAW

Under Fed. R. Civ. P. 15(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time[.]"  Generally, this requires a movant to show that "despite their diligence[,] they could not meet the original deadline[.]" *See* Shane v. Bunzl Distrib. USA, Inc., 275 Fed. Appx. 535, 536 (6th Cir. 2008). Under Fed. R. Civ. P. 11

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . *it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation*[.]"

(cleaned up) (emphasis added).

## IV.  DISCUSSION

### A.  Plain Meaning of Stricken

Coach Defendants allegation that Plaintiffs impermissibly "added substantive legal argument" to ¶ 13 (including footnote), ¶ 7, ¶¶ 99–123, ¶ 146, ¶ 157, ¶ 169, ¶ 398. ¶¶ 412–13, ¶ 415, ¶ 418, ¶¶ 453–54, ¶ 520 (second sentence), ¶¶ 533–37, ¶ 552, ¶¶ 594–95, ¶ 750, ¶ 752 (sentences 2–4), ¶¶ 823–49, ¶¶ 851–54, ¶ 884, ¶ 946, ¶ 953, ¶¶ 955–57, and ¶¶ 959–67 is well taken.  Plaintiffs' counsel well knew that *stricken* meant that they were ordered to remove the offending language and to not replace it with argument or objections—matters that have no place in a complaint.[2]  As a result of their patently inappropriate response to an Order that was clearly understood but found objectionable, the Third Amended Complaint is stricken in its entirety.

---

[2]  Had there been any question, the Court's instruction that: "*No other content may be amended therein[]*" should have clarified.  ECF No. 149 at PageID #:  2025 (emphasis added).

3

(4:25-CV-1822)

## B.  Grammar

Coach Defendants contention that Plaintiffs impermissibly "amended text within paragraphs" in ¶ 8; ¶¶ 51 n.2, ¶ 53, ¶¶ 770-75, ¶¶ 777–79, ¶ 795, ¶ 1149, ¶ 1412, ¶ 1414, and ¶ 1423 is not well taken.  ECF No. 151 at PageID #:  2410, n 3–4.  The alleged amendments include: (1) changing "Daughter Chef" to "Daughter Doe"; (2) changing "Mother Chef" to "Jane Doe"; (3) removing a blank space after a closing parens; (4) changing two vertical apostrophes to typographer's apostrophes; (5) changing a closing apostrophe to an opening apostrophe; and (6) changing "social media" to "social-media."  *See* ECF No. 150 at PageID ##: 2032–311.

These changes—some in compliance with the Court's pseudonym Order, *see* ECF No. 19—are minor, inconsequential, and non-substantive.  To characterize clerical and typographical conformance across the docket as unauthorized amendment is an overstep.

## V.  CONCLUSION

Coach Defendants' Motion for Extension of Time to Answer is granted in part.  *See* ECF No. 151.  Plaintiff's Third Amended Complaint is Stricken in its entirety.  If Plaintiffs choose to refile a Third Amended Complaint, it shall be filed in accord with this Order: paragraphs previously ordered stricken shall be removed and not replaced with objections or explanations. Those amendments considered grammatical may persist.  Failure to adhere to this Order will result in an Order to Show Cause why Plaintiffs' counsel should not be held in contempt.  Any conforming Third Amended Complaint shall be filed within seven days of this Order.  Coach Defendants shall respond to any conforming Third Amended Complaint not later than seven days

4

(4:25-CV-1822)

after it is filed.  Finally, all counsel are reminded that filing a nonconforming pleading, frivolous motion, or opposition is sanctionable conduct under Local Rule 7.1(i) and the Court's inherent authority to command its docket.  Sanctions will be limited only by those boundaries established by law.


IT IS SO ORDERED.


March 4, 2026                                              /s/ Benita Y. Pearson
Date                                                              Benita Y. Pearson
                                                                   United States District Judge

5